```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.11-62627-CIV-COHN
                              MAGISTRATE JUDGE P.A. WHITE

ANTHONY BROWN,              :

      Plaintiff,            :

v.                          :
                                      REPORT OF
OFFICER CALICCHIO, et al.   :      MAGISTRATE JUDGE

      Defendants.           :
_____
```

I.  Introduction

The plaintiff, Anthony Brown, currently incarcerated at the Jackson Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages. (DE# 1). The plaintiff has been granted leave to proceed in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

   Sec. 1915 Proceedings in Forma Pauperis

                       *   *   *

      (e)(2) Notwithstanding any filing fee, or any
      portion thereof, that may have been paid, the court shall
      dismiss the case at any time if the court determines that
      –

                       *   *   *

      (B) the action or appeal –

\* \* \*

(I)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  <u>Twombly</u> applies to §1983 prisoner actions. <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B.  <u>Statement of the Claims</u>

The plaintiff names Miramar Police Officers Joseph Calicchio and Willie Jones as  defendants. In his complaint, he paraphrases the police narrative report filed by Officer Calicchio. On December 20, 2010, Calicchio responded to a domestic battery call. Maria

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

3

Alvarez, the plaintiff's wife, was there holding an infant and crying. She refused medical attention and her only injury was a slight redness to her face and arm. Alvarez told officers the plaintiff had been physically and verbally abusive towards her during their marriage. She told them in this instance he had slapped her in the face, and that she felt his behavior was unsafe for her and the child. She told him she had to leave for a short time and called the police.

Jones and Caliccio responded to the call. When they knocked on the door the plaintiff was concealing an unknown object and began to yell he was not going back to jail. Not knowing if there was a firearm, both officers drew their firearms and told him to come out with his hands up. He then came out with a large knife to his neck. He was told to drop the knife. Officer Caliccio used the Tazer for a five second charge. The plaintiff fell to the ground, but refused to drop the knife until the second charge. Another knife was found in the bathroom. He claims one officer kicked him. He was handcuffed and placed in the back of the police car. He was read his Miranda warnings. Pictures were taken and he was charged with Misdemeanor Domestic Battery and Resisting arrest without violence. Both charges were nolle prossed. He was found guilty at the parole revocation hearing, and sent back to prison for five years, despite his claims of innocence.

He essentially claims a false entry without a warrant, and unlawful force when he was tasered. He seeks monetary damages.

C. <u>Sufficiency of the complaint</u>
   <u>Excessive Force</u>

4

Liberally construing the complaint, Sweeney alleges that the three officers used excessive force during a seizure in violation of his Fourth Amendment rights.

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985).  A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard.  <u>Graham v. Connor</u>, 490 U.S. 386 (1989)("all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); <u>Ortega v. Schram</u>, 922 F.2d 684, 694 (11 Cir. 1991).

The facts presented by the plaintiff do not support a claim of use of unlawful force. He does not deny that he held a knife to his neck, yelling he was not going back to prison. He refused to surrender the knife and was tasered once, and once again when he continued to refuse to surrender the knife.

He states an officer kicked him. He does not identify the officer who kicked him, or provide sufficient facts to support a claim of unlawful force.  The plaintiff has failed to provide even minimally sufficient facts under the <u>Twombly</u> or any "heightened pleading" standard so that the excessive use of force claim should proceed. It is therefore recommended that the claim of use of unlawful force be dismissed.

Unlawful Search and Seizure

The plaintiff further argues that the officers violated his Fourth Amendment rights by entering his home without a warrant. As stated by the Eleventh Circuit in U.S. v. Alexander, 835 F.2d 1406, 1408 (11 Cir. 1988), the basic premise of the **search** doctrine is that "searches undertaken without a warrant issued upon probable cause are 'per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions.'" (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).

In this case, the officers answered a call from the plaintiff's wife claiming domestic battery. The plaintiff's wife permitted them to enter the property and it was clear from her bruises and the plaintiff's yelling and refusing to come out, and then later showing his face with a knife held to his neck that the officers did not require a warrant to enter the house. This claim is without merit.

III.   Recommendation

1. The complaint should be dismissed for failure to state claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

2. This case should be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 25th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Anthony Brown, <u>Pro Se</u>
    Jackson Correctional Institution
    Malone, FL
    Address of record