UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62627-CIV-COHN/WHITE

ANTHONY BROWN,

    Plaintiff,

vs.

OFFICER CALICCHIO, et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 13] of Magistrate Judge Patrick A. White to Plaintiff Anthony Brown's Complaint [DE 1] brought pursuant to 42 U.S.C. § 1983. The Court has reviewed *de novo* the Complaint, Magistrate's Report and Recommendation ("Report"), Plaintiff's Objection to Report and Recommendation [DE 14] ("Objections"), and is otherwise advised in the premises.

I. BACKGROUND

Plaintiff Anthony Brown commenced this action against Defendants Officer Joseph Calicchio and Officer Willie Jones (collectively "Defendants") on December 12, 2011. See Complaint. The Complaint asserts claims against the Defendants, City of Miramar police officers, for excessive force and unlawful search and seizure in violation of 42 U.S.C. § 1983. On December 20, 2010, the Defendants responded to a domestic battery call. Officer Calicchio met Maria Alvarez, the Plaintiff's wife, who was standing outside holding a baby. Ms. Alvarez indicated that the Plaintiff had been physically and verbally abusive towards her during their marriage. She complained that

the Plaintiff had slapped her in the face.  When Officers Calicchio and Brown unlocked the door to the residence using a key provided by Ms. Alvarez, they observed the Plaintiff with an unknown object.  The Defendants then saw the Plaintiff holding a large knife to his neck.  After the Plaintiff ignored instructions to drop the knife, he was tasered twice.  While on the ground, Plaintiff alleges that one of the officers kicked him.  The Plaintiff was arrested and charged with misdemeanor domestic battery and resisting arrest without violence.   Although both charges were nolle prossed, the Plaintiff was found guilty at a parole revocation hearing and sent back to prison for five years.

Because Plaintiff moved to proceed in *forma pauperis*, Judge White analyzed the Complaint pursuant to 28 U.S.C. § 1915.  This statute provides that if a prisoner seeks to proceed in *forma pauperis*, if the court determines that the action "is frivolous or malicious;" "fails to state a claim on which relief can be granted;" or "seeks monetary relief from a defendant who is immune to such relief," the court may dismiss the action.  28 U.S.C. § 1915(e)(2).  Judge White concluded that "[t]he facts presented by plaintiff do not support a claim of use of unlawful force."  Report at 5.  Additionally, he found that under the facts of the case, "the officers did not require a warrant to enter the house."  Id. at 6.  Accordingly, Judge White recommends dismissal of the Complaint for failure to state a claim.  Id.  Plaintiff objects, noting that "consent to enter the home was unequivocally withdrawn by Plaintiff" and that after the unlawful entry to his home, the Defendants employed excessive force.  Objections at 1.

## II. DISCUSSION

The standard to determine whether a complaint states a claim upon which relief

can be granted is the same under 28 U.S.C. § 1915(e)(2)(B) as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

     To state a claim under 42 U.S.C. § 1983, the Plaintiff must allege that the Defendants' conduct under color of state law violated the Plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998).  In his opposition to Magistrate Judge White's recommendation to dismiss his Complaint for failure to state a claim, Plaintiff first contends that the Defendants' entry into his home was an improper search and seizure.  Objections at 13.  Plaintiff contends that even if his wife consented to Defendants' entry into their home, once Defendants used the key, discovered the door was chain-locked from the inside, and the Plaintiff refused to open the door, consent to enter the home was withdrawn.  Id. at 8.  Although the Fourth Amendment generally prohibits warrantless entry and search of a home, an exception exists where an individual possessing authority voluntarily consents to the search.  Georgia v. Randolph, 547 U.S. 103, 109 (2006).

3

The Supreme Court has held that a search of a home based on consent given by one resident is unreasonable as to a co-resident when that co-resident is physically present for the exchange and expressly refuses consent. Randolph, 547 U.S. at 121. However, a search is reasonable as to the co-resident if the co-resident is nearby but not invited to take part in the consent discussion, thus "los[ing] out" on his opportunity to prevent the search. Id.  Here, there is no dispute that Plaintiff did not participate in the discussion wherein his wife consented to the search of their home.  Thus, because Defendant was not present and did not object when his wife gave her consent to search the residence, the Court finds that Plaintiff did not withdraw consent for the Defendants' search of his home when he chain-locked the door from the inside.  See United States v. Stabile, 633 F.3d 219, 234 (3d Cir. 2011) (finding that defendant could not revoke co-tenant's consent to search their home when he returned home later on the day of the search by stating "I take it [Deetz's consent] back" to the investigating agents because defendant was not "physically present" at the time co-tenant consented).[1]

Furthermore, the Court disagrees with Plaintiff's contention that it was unreasonable for Defendants to enter his residence for the purpose of arresting him for a misdemeanor offense.  Objections at 9.  The very police report that Defendant attached to his Objections as Exhibit A states that Plaintiff's wife gave the Defendants

---

[1] The Florida cases Plaintiff relies upon in support of his argument that he withdrew consent to the search are inapposite. See Objections at 7 (citing Lowery v. State, 894 So. 2d 1032 (Fla. Dist. Ct. App. 2005); Putnel v. State, 746 So. 2d 521 (Florida Dist. Ct. App. 1995); Jackson v. State, 730 So. 2d 364 (Fla. Dist. Ct. App. 1999)). Each of these cases involved a defendant who withdrew the consent to a search that he had previously given.  These cases are not comparable to the situation here where a co-occupant, Plaintiff's wife, validly consented to the search and the Plaintiff was not present to object at the time consent was given.

permission to enter the home after he did not answer knocks to the door to determine whether "Mr. Brown was there" and if it was safe for her to re-enter the residence Objections at 22.  Thus, Defendants did not enter the residence for the purpose of arresting Plaintiff.  It was after the door was partially open and the Defendants observed the Plaintiff "concealing an unknown object in his right hand" and yelling "that he was not going back to prison," that Defendants proceeded to enter the residence.  Id. Plaintiff was thereafter arrested when he refused commands to show his hands and drop the large knife he was holding.  Id. at 22-23.  Thus, the Court agrees with Judge White's conclusion that, under these circumstances, "the officers did not require a warrant to enter the house."  Report at 6.

Judge White also recommends dismissal of Plaintiff's claims regarding excessive force.  Id. at 5.  Judge White notes that Plaintiff "does not identify the officer who kicked him, or provide sufficient facts to support a claim of unlawful force."  Id.  Plaintiff does not dispute that he held a large kitchen knife to his neck when the Defendants entered his residence.  Objections at 15. Plaintiff argues, however, that it was "objectively unreasonable" for the Defendants to taser Plaintiff while he held a large kitchen knife to his neck.  Id.

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest."  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003).  To determine whether the force used was excessive, the Court must determine whether the force used was "reasonable."  Graham v. Connor, 490 U.S. 386, 395 (1989).  In so doing, the Court considers "the severity of the crime at issue, whether the

5

suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.  The Court agrees with Judge White's conclusion, that as currently plead, Plaintiff fails to state a claim for excessive force under 42 U.S.C. § 1983.  As Judge White points out, Plaintiff does not deny that he was tasered after "he held a knife to his neck, yelling that he was not going back to prison." See Report at 5.  Plaintiff was warned to drop the knife before he was tasered.  Additionally, Plaintiff does not provide sufficient detail regarding which Defendant kicked him to satisfy Twombly.[2]  Under these facts, Plaintiff does not state a claim for excessive force.

### III. DISCUSSION

Based on the foregoing, it is ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation [DE 13] is hereby **ADOPTED**;

2. Plaintiff's Objections [DE 14] are hereby **OVERRULED**;

3. Plaintiff's Complaint [DE 1] is hereby **DISMISSED**; and

---

[2] The Court also notes that this appears to be the type of case where the defense of qualified immunity would be asserted.  Plaintiff has failed to allege facts that would satisfy the heightened pleading standard the Eleventh Circuit applies to civil rights claims involving the defense of qualified immunity. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003).

4.   The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of May, 2012.

                                                JAMES I. COHN
                                                United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.